## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

CHARLES DRUMMOND
PAMELA DRUMMOND,
*Plaintiffs,*

vs.

Case No. 2:13-CV-2633-EFM-KGG

ARMATA LOGISTICS, INC.
QUANG LE,
*Defendants.*

## MEMORANDUM AND ORDER

Plaintiffs Charles and Pamela Drummond ("Plaintiffs") seek monetary damages, both compensatory and punitive, from Defendants Armata Logistics, Inc. ("Armata") and Quang Le ("Le") for pain, suffering, mental anguish, loss of enjoyment of life, medical expenses, loss of earnings and earnings capacity, and emotional distress for injuries sustained by Charles Drummond in a December 2011 tractor trailer accident. This matter is before the Court on Defendants' Motions to Set Aside the Clerk's Entry of Default and Armata's Motion to Dismiss (Docs. 14 and 16). For the reasons stated below, Defendants' Motions to Set Aside are granted. Armata's Motion to Dismiss is denied.

### I.     Factual and Procedural Background

This matter arises from the parties' involvement in a motor vehicle accident on Interstate 70 on December 21, 2011, in Douglas County, Kansas. Le, operating a commercial tractor

trailer allegedly owned by Armata, "jackknifed" his trailer, effectively blocking the middle and right lanes of traffic on the highway.  Charles Drummond, who was also operating a commercial tractor trailer, subsequently collided with Le's trailer, despite making attempts to go around the jackknifed unit.  Charles Drummond alleges that he sustained injuries and damages arising from this collision, including a permanent restriction from his employment as an over-the-road truck driver, medical costs, and pain and suffering.

On December 10, 2013, Plaintiffs filed a Complaint against Defendants in the United States District Court for the District of Kansas.  Defendants failed to respond.  On February 21, 2014, Plaintiffs filed an Application for Clerk's Entry of Default against Armata.  The application was granted the same day.  On March 7, 2014, Plaintiffs filed a nearly identical Application for Clerk's Entry of Default against Le, which was granted on March 10, 2014.  Defendants again failed to respond.  Therefore, on April 9, 2014, Plaintiffs filed Motions for Default Judgment against both Armata and Le seeking a total judgment in the amount of $895,715.90, assessed as follows: (1) $600,000 for lost wages, (2) $45,715.90 for medical treatment, and (3) $250,000 for pain and suffering.[1]

Three weeks after Plaintiffs' motion for default judgment, on April 30, 2014, both Defendants filed Motions to Set Aside the Entry of Default.  As an alternative to its Motion to Set Aside, Armata also included a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) and (5) for insufficient service of process and lack of personal jurisdiction.  Plaintiffs oppose both motions.

---

[1] The record shows that Plaintiffs also filed what appears to be an identical Amended Motion for Default Judgment (Doc. 12) on that same day.  Neither motion makes reference to punitive damages.

## II.    Analysis

### A.  Service of Process and Personal Jurisdiction

Armata first seeks to have Plaintiffs' Complaint dismissed for insufficient service of process and subsequent lack of personal jurisdiction.  According to Armata, it did not respond to Plaintiffs' Complaint because, until April 22, 2014, it was not aware that the Complaint even existed.  Plaintiffs oppose this motion and contend that proper service was made on December 30, 2013.

Pursuant to Rule 4 of the Federal Rules of Civil Procedure, a federal court lacks personal jurisdiction over a defendant if service of process is insufficient.[2]  Upon challenge to a court's jurisdiction, a plaintiff bears the burden to show, by a preponderance of the evidence, that jurisdiction exists.[3]  "The parties may submit affidavits and other documentary evidence for the Court's consideration, and plaintiff is entitled to the benefit of any factual doubt."[4]

Under Rule 4(h)(1), a corporation may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ."[5]  The Rules also authorize service of process under the manner prescribed in Rule 4(e)(1),[6] which includes any method allowed under state law "where the district is located or where service is made."[7]

---

[2] *See Nicks v. Brewer*, 2010 WL 4868172, at *4 (D. Kan. Nov. 23, 2010).

[3] *Hagan v. Credit Union of Am.*, 2011 WL 6739595, at *1 (D. Kan. Dec. 22, 2011) (citing *United States ex rel. Stone v. Rockwell Int'l Corp.*, 282 F.3d 787, 797 (10th Cir. 2002)).

[4] *Id*. (quoting *Taylor v. Osawatomie State Hosp.*, 2008 WL 2891011, at *1 (D. Kan. July 24, 2008)).

[5] FED. R. CIV. P. 4(h)(1)(B).

[6] FED. R. CIV. P. 4(h)(1)(A).

[7] FED. R. CIV. P. 4(e)(1).

Armata initially argued that since Rule 4(h)(1)(A) specifically references Rule 4(e)(1), which deals specifically with service upon individuals, one must therefore follow K.S.A. § 60-304(a), which governs service upon individuals in the State of Kansas, to properly effect service. Not only does Armata fail to offer any case law to support its position, the prevailing case law on this subject makes clear that Armata's interpretation is incorrect. Courts in this district have time and again held that it is K.S.A. § 60-304(e) that governs service upon a corporation.[8]

In its Reply, however, Armata acknowledges that "to establish good service and avoid a dismissal of the suit, plaintiffs must show compliance with K.S.A. § 60-304(e), which provides for service upon a *corporation* . . . ."[9] Yet, Armata again misinterprets the statute, arguing that Plaintiffs' attempted service must fail even under § 60-304(e) because they "never attempted *personal* service on anyone."[10] Armata offers no support of its theory that personal service is necessary to satisfy the requirements of § 60-304(e). Under this statute, service may be made on a corporation by:

(1) Serving an officer, manager, partner or a resident, managing or general agent;

(2) Leaving a copy of the summons and petition or other document at any of its business offices with the person having charge thereof; or

(3) Serving any agent authorized by appointment or by law to receive service of process, and if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

---

[8] *See, e.g.*, *McKenzie v. Auto Club Family Ins. Co.*, 2012 WL 2449866 (D. Kan. June 26, 2012); *Hagan v. Credit Union of Am.*, 2011 WL 6739595 (D. Kan. Dec. 22, 2011); *Murphy v. AT&T*, 2011 WL 5152228 (D. Kan. Oct. 28, 2011); *McKenzie v. AAA Auto Family Ins. Co.*, 2010 WL 3718861 (D. Kan. Sept. 13, 2010); *Lee v. CLK Mgmt., LLC*, 2009 WL 1956487 (D. Kan. July 7, 2009).

[9] Armata's Reply, Doc. 25, p. 4.

[10] Armata's Reply, Doc. 25, p. 5 (emphasis added).

> *Service by return receipt delivery on an officer, partner or agent must be addressed to the person at the person's usual place of business.*[11]

The statute makes no reference to or requirement of personal service.

Here, it is clear that Plaintiffs complied with § 60-304(e), notably the provision concerning certified mail. On December 24, 2013, Plaintiffs sent, via Certified Mail (return receipt requested), a copy of the Complaint and Summons to Armata, specifically addressed to its registered agent Chan Tran ("Tran"), at the address listed for the corporation *and* for Tran on the California Secretary of State's website. Delivery of the Complaint and Summons was made and received by someone at that location on December 30, 2013.[12]

Armata does not contend that Tran's usual place of business was somewhere other than the listed address. Rather, Armata argues that, while delivery may have been made, it is impossible to tell from the postal receipt exactly *who* signed for the documents. The only thing that *is* clear is that the signature is not Tran's. And, as Armata's registered agent, only Tran was authorized to accept service. As such, Armata argues, service signed for by anyone else was insufficient. Armata's argument is without merit. Kansas statute § 60-304(e) simply requires that "service by return receipt delivery on an . . . agent . . . be *addressed* to the person at the person's usual place of business."[13] There is no requirement in the statute that delivery actually be *accepted* only by that registered agent.[14] As such, Defendant Armata's motion to dismiss for insufficient service of process and lack of personal jurisdiction is denied.

---

[11] K.S.A. § 60-304(e) (emphasis added).

[12] Proof of Service, Doc. 3, p. 2.

[13] K.S.A. § 60-304(e) (emphasis added).

[14] The Court notes that Armata initially argued that delivery by certified mail, return receipt requested, was required to be marked "restricted delivery," thereby ensuring that delivery would be made only to the addressee. However, the "restricted delivery" requirement was removed from § 60-304 by the Kansas Legislature in 2010. *See*

**B.  Good Cause to Set Aside Entry of Default**

Armata, as an alternative to its motion to dismiss, and Le also seek to set aside the clerk's entry of default.  The decision to set aside an entry of default lies within the discretion of the trial court.[15]  The court may set aside an entry of default for good cause.[16]  The good cause standard is fairly liberal, as "[t]he preferred disposition of any case is upon its merits and not by default judgment."[17]  In rendering its decision, the court must "balance the interests of the defendants in the adjudication of the case on the merits, against the interest of the public and the court in the orderly and timely administration of justice."[18]  The Tenth Circuit has explained that

> [t]he default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party. In that instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights.  The default judgment remedy serves as such a protection . . . a workable system of justice requires that litigants not be free to appear at their pleasure.[19]

To determine whether to set aside the clerk's entry of default, a court may consider the following factors: (1) whether the default was the result of culpable conduct of the defendant, (2) whether the plaintiff would be prejudiced if the default should be set aside, and (3) whether the

---

*Remmers v. Bd. of Maint. of Way Emp.'s Div. Unified Div. of the Int'l Bd. of Teamsters*, 2012 WL 2449887, at *4 n.28 (D. Kan. June 27, 2012).

[15] *Meissner v. Bf Labs Inc.*, 2014 WL 590377, at *1 (D. Kan. Feb. 14, 2014) (citing *Ashby v. McKenna*, 331 F.3d 1148, 1152 (10th Cir. 2003)).

[16] FED. R. CIV. P. 55(c).

[17] *Crutcher v. Coleman*, 205 F.R.D. 581, 584 (D. Kan. 2001) (quoting *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970)).

[18] *McCook v. Flex Fin. Holding Co.*, 2008 WL 1924129, at *2 (D. Kan. Apr. 29, 2008).

[19] *In re Rains*, 946 F.2d 731, 732-33 (10th Cir. 1991) (quoting *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444-45 (10th Cir. 1983)).

defendant presented a meritorious defense.[20]  "A court need not consider all of the factors, and may consider other factors as well."[21]

### 1.  Culpable Conduct

A defendant's conduct is considered culpable if he has defaulted willfully or has no excuse for the default.[22]  If the court finds that a defendant's actions were willful or without excuse, it may refuse to set aside default on that basis alone.[23]

Here, Armata argues that its behavior was not willful or without excuse as it had no knowledge of Plaintiffs' suit until April 22, 2014.  As noted above, Plaintiffs sent Armata, and, more specifically, its registered agent Tran, the Complaint and Summons, via certified mail, on December 24, 2013.  The delivery was signed for on December 30, 2013.  Armata argues that "there's no evidence to show that Tran *actually saw* the pleadings before April 21, 2014," suggesting that it was possible that a neighbor may have signed for the documents.[24]  However, as previously discussed in detail, proper service does not require documentation that it was the registered agent that *personally* received service, just that the complaint and summons were delivered to the registered agent at his usual place of business.  The Court also notes that the clerk's entry of default, which was sent to the same address as the Summons and Complaint, and was similarly addressed to Tran, was received and signed for by someone at that address on

---

[20] *Kiewel v. Balabanov*, 2011 WL 1770084, at *2 (D. Kan. May 9, 2011) (citing *Hunt v. Ford Motor Co.*, 1995 WL 523646, at *3 (10th Cir. 1995)).

[21] *Meissner*, 2014 WL 590377, at *1 (quoting *Guttman v. Silverberg*, 167 Fed. Appx. 1, 4 (10th Cir. Dec. 19, 2005)).

[22] *Assessment Techs. Inst., LLC v. Am. Allied Healthcare LLC*, 2012 WL 426941, at *5 (D. Kan. Feb. 10, 2012) (citing *United States v. Timbers Preserve, Routt Cnty., Colo.*, 999 F.2d 452, 454 (10th Cir. 1993)).

[23] *Id.* (citing *Hunt*, 1995 WL 523646, at *3).

[24] Armata's Reply, Doc. 25, pp. 7-8 (emphasis added).

March 3, 2014.[25]  Therefore, given Plaintiff's successful service of the Complaint and Summons, Armata cannot now deny knowledge of this lawsuit and the Court concludes that Armata's failure to respond was willful and without excuse.

While Le does not dispute service, he likewise denies willful conduct, citing his lack of English proficiency.  According to Le, he does not read or speak fluent English and therefore did not understand the purpose of the Complaint and Summons, nor did he appreciate the urgency in responding to these documents.[26]  Instead, in an unsworn declaration, he contends that he forwarded these documents to an individual by the name of Mimi Kong ("Kong").[27]  Kong subsequently, but belatedly, forwarded them to attorney John Horwitz.[28]  In response, Plaintiffs argue that Le pled guilty to the traffic citation issued in connection with this accident and that he possesses a commercial driver's license.  This particular license requires Le to pass a written examination and makes him subject to subsequent bi-annual re-certifications.  As such, Plaintiffs argue, Le must have at least basic English proficiency.

While the Court may have some doubt as to Le's alleged lack of English reading and comprehension abilities, the possibility that he simply did not understand the content or significance of the Summons and Complaint is not outside the realm of possibility.  The Court

---

[25] Certified Mail Receipt Returned, Doc. 7.

[26] Le's Motion to Set Aside, Doc. 17, p. 3.

[27] Neither party identifies Kong or explains her role in this matter.

[28] Le's Unsworn Declaration, Doc. 17-1.  In his own unsworn declaration, Horwitz purports to be an attorney with the law firm of Schaffer, Lax, McNaughton & Chen in Los Angeles, California, who has, in the past, assisted Armata in communicating with its insurers and defense attorneys retained by those insurers.  He claims that on March 18, 2014, Kong sent him an email containing the Summons and Complaint in this matter, a copy of a letter from Plaintiffs' counsel, dated December 24, 2013, a copy of the police report, DMV documents, and a letter addressed to Kong from Midway Insurance Management International, Inc., dated December 27, 2011.  Horwitz claims that he forwarded these documents and tendered defense of this case to AIG insurance company, Le's alleged insurer.  Horwitz's Unsworn Declaration, Doc. 17-3.

also bears in mind that "[t]he preferred disposition of any case is upon its merits and not by default judgment."[29]  Therefore, the Court cannot find that Le's failure to answer the Complaint was necessarily willful or without excuse.

## 2. Prejudice to Plaintiffs

The Court next considers prejudice to the opposing party.[30]  Defendants argue that Plaintiffs will not suffer prejudice because they did not seek a default judgment for weeks after the clerk's entry of default and any prejudice Plaintiffs experience is a result of their own delay in seeking this final remedy.  In response, Plaintiffs argue that Defendants were given more than enough time to file a reply and still chose not to do so.

While setting aside the clerk's entry of default will undoubtedly frustrate Plaintiffs, especially given Defendants' more than four-month delay in responding to the Complaint, Plaintiffs fail to draw this Court's attention to any specific reason to deny Defendants' motions based on prejudice.  As such, this factor weighs in favor of Defendants.

## 3. Meritorious Defenses

The third factor to showing good cause is whether Defendants have presented a meritorious defense.  "The burden to show a meritorious defense is light."[31]  The Tenth Circuit has provided the following guidance:

> [t]he parties do not litigate the truth of the claimed defense in the motion hearing. Rather, the court examines the allegations contained in the moving papers to determine whether the movant's version of the factual circumstances surrounding

---

[29] *Gomes*, 420 F.2d at 1366 (citing *Meeker v. Rizley*, 324 F.2d 269 (10th Cir. 1963)).

[30] While Armata's willful conduct alone may be enough to deny its motion to set aside the entry of default, the Court will consider the other two factors with regard to this defendant.

[31] *Kiewel*, 2011 WL 1770084, at *4 (quoting *Super Film of Am., Inc. v. UCB Films, Inc.*, 2004 WL 2413497, at *2 (D. Kan. Sept. 23, 2004)).

the dispute, if true, would constitute a defense to the action.  For purposes of this part of the motion, the movant's version of the facts and circumstances supporting his defense will be deemed to be true.  Unlike the simple notice pleading required in original actions, the rule relating to relief from default judgments contemplates more than mere legal conclusions, general denials, or simple assertions that the movant has a meritorious defense.  The rule requires a sufficient elaboration of the facts to permit the trial court to judge whether the defense, if movant's version is believed, would be meritorious.[32]

Here, Defendants meet this light burden.  Armata contends that Le was not an employee of the company but was rather an independent contractor at the time of the accident, which, if true, eliminates any direct or vicarious liability on the part of Armata.  In fact, in his unsworn declaration, Le contends that he is not, nor has he ever been, an employee of Armata.[33]  Both Defendants argue that the accident report reveals that it was Plaintiff Charles Drummond who struck the tractor trailer driven by Le, not the other way around.  As such, comparative fault under Kansas law may bear some relevance.  The Court therefore finds that this factor weighs in favor of granting Defendants' motions to set aside.

As noted above, "the preferred disposition of any case is upon its merits and not by default judgment."[34]  While the Court must balance this preference against social goals, justice, and expediency, the facts here, as presented, do not weigh in favor of allowing Plaintiffs to proceed with their default judgment.  The Court finds this to be the case *despite* its finding of willful conduct with regard to Armata.  As such, Defendants' motions to set aside the clerk's entry of default are granted.

---

[32] *Crutcher*, 205 F.R.D. at 585 (quoting *In re Stone*, 588 F.2d 1316, 1319-20 (10th Cir. 1978)).

[33] Le's Unsworn Declaration, Doc. 17-1.

[34] *Assessment Techs*, 2012 WL 426941, at *2 (citing *Gomes*, 420 F.2d at 1366).

**IT IS THEREFORE ORDERED** that Defendant Armata's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) and (5) (Doc. 14) is DENIED.  Defendants' Motions to Set Aside the Clerk's Entry of Default (Docs. 14 and 16) are GRANTED.

**IT IS SO ORDERED**.

Dated this 26th day of June, 2014.

*Eric F Melgren*

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE